### RICHARDS v RICHARDS

Ohio Appeals, 2nd Dist, Franklin Co

No 2569. Decided Feb 8, 1937

Schwartz & Gurevitz, Columbus, for plaintiff in error.
Stanford L. O'Harra, Springfield, for defendant in error.

## OPINION

By HORNBECK, J.

Error is prosecuted by the plaintiff in error, who was the defendant below, against the defendant in error, the plaintiff below, from a judgment of divorce, granted to the plaintiff below on the grounds of extreme cruelty. At all times we refer to the parties as they appeared in the trial court.

The defendant cross-petitioned, charging the plaintiff with gross neglect of duty, extreme cruelty and misconduct. The trial judge took the testimony of some seventeen witnesses and found that plaintiff had sustained her cause of action against the defendant and that he had failed upon his cross petition.

There are seven grounds assigned in the petition in error, the fourth that the judgment is not supported by any evidence, the second and third that the judgment is contrary to the evidence and against the manifest weight thereof. The fifth and sixth relate to the admission of evidence on behalf of the plaintiff and the rejection of evidence tendered on behalf of the defendant. The first and seventh claim other errors appearing upon the record.

Some months ago this court passed upon a motion of the defendant to dismiss the petition in error for the reason that the defendant had filed no motion for new trial within three days after the judgment entry was filed in the original cause. We overruled this motion upon the proposition that there might have been errors assigned which could be determined, independent of those which would necessarily be raised and only preserved by a motion for new trial.

At this time it is proper to say that the second and third grounds of the petition in error can not be considered because it is essential to a review on disputed questions of fact and the weight of the evidence, that a motion for new trial be filed in the trial court within three days after the verdict and decision rendered, unless the party is unavoidably prevented from filing it within such time. §11578 GC; **Everett-Wendell Co. v Sumner, 32 Oh St 562; Randall v Turner, 17 Oh St 262; Weaver v Ry Co, 55 Oh St 491; Emery v City of Toledo, 121 Oh St 257;** Hornbeck & Adams Trial and Appellate Practice, page 207.

It is not necessary to discuss the claim that the judgment is not supported by any evidence, because such contention is without merit. It is urged that there is no corroboration of the testimony of the plaintiff tending to establish extreme cruelty on the part of the defendant. An examination of the record discloses that there are several instances of mistreatment to which the plaintiff testified, wherein there is no corroboration and there is little or no support of her express statements that the defendant struck her but there are ample corroborating instances which lend credence to her testimony that she was physically abused. She definitely states that her husband struck her, twisted her arms and made them black and blue. Witnesses say that they saw her soon thereafter and that her arms and wrists were black and blue. This proof is sufficient to meet the requirements of the statute requiring corroboration in divorce cases.

A police officer, Frank D. Wilson, after stating that the defendant had a quick temper, as he put it: "He didn't seem like he had any sense at all when he did lose his temper," said that the plaintiff came home four times and the fourth time her wrists were black and blue. Joseph C. O'Harra testified to like effect.

The brief of defendant does not discuss the error claimed in the admission of evidence on behalf of the plaintiff. It does, however, urge error in the refusal of the court to admit two photographs, Defendant's Exhibits A and B. The defendant called the plaintiff for the purpose of cross examination, produced the exhibits and inquired of her where and under what circumstances they were taken. She answered these questions and on redirect examination stated that the photographs had been taken before she was married to the defendant. Thereafter, before the defendant had rested, these exhibits were tendered as evidence, but upon objection of counsel for plaintiff were not received.

The record fails to disclose any testimony tending to contradict the statements of the plaintiff as to the time when the pictures were taken. If taken before marriage, clearly they were not competent and the court was correct in refusing to accept them.

We find no prejudicial error in the refusal to admit the photographs but if there had been error in the action of the trial court it could not be said to be prejudicial on the state of the record because we can not say that the consideration by the court of these photographs would have required any different decision than was reached.

Upon a full and careful examination of all the errors urged and which we can properly consider, we find none occurring prejudicial to the cause of the defendant.

The judgment will, therefore, be affirmed.

CRAIG, PJ, and BARNES, J, concur.